Filed 9/29/14  P. v. Accredited Surety & Casualty Co. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ACCREDITED SURETY & CASUALTY COMPANY,<br><br>　　　　Defendant and Appellant. | B250642<br><br>(Los Angeles County<br>Super. Ct. No. BA398252) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County.  Dorothy B. Reyes, Judge.  Affirmed.

　　　　John M. Rorabaugh for Defendant and Appellant.

　　　　Jackie Lacey, District Attorney, and Phyllis Asayama and Cassandra Thorp, Deputy District Attorneys for Plaintiff and Respondent.

_____

The trial court ordered a bond forfeiture when a defendant failed to appear in court. Appellant contends that the hearing was intended as a scheduling hearing only and that the defendant was not required to be present. Case law and applicable statutes confirm that the defendant was required to be present at the hearing and that the bond was appropriately forfeited.

## PROCEDURAL HISTORY AND FACTS

This appeal arises out of an order to forfeit bail when Francisco Javier Navarro failed to appear in court for a preliminary hearing on December 11, 2012.

Appellant posted a bail bond on August 8, 2012, to secure Navarro's appearance in court. The case was called for a hearing on October 31, 2012. Navarro was present with his counsel. The trial court granted Navarro's motion to continue the preliminary hearing. The court scheduled the preliminary hearing for December 11, 2012.

Navarro failed to appear in court for the December 11 hearing and the trial court forfeited his bond on the record. The clerk mailed notice of forfeiture to the parties the same day.

On June 13, 2013, appellant filed a motion to vacate forfeiture and exonerate bail, or in the alternative for an extension of time. The trial court conducted a hearing on the motion on July 10, 2013. The court denied the motion to vacate forfeiture and exonerate bail.

## DISCUSSION

Appellant contends that Navarro was not legally required to be present at the December 11, 2012 hearing and that it was outside the jurisdiction of the trial court to order bail to be forfeited. Appellant insists that the December 11 hearing was a *pre*-preliminary hearing where the actual date for the preliminary hearing would be set. We disagree.

Navarro had notice that the preliminary hearing was rescheduled for December 11, 2012, because he was present in court when the date was set during the October 31 hearing. The court informed Navarro of his right to a preliminary hearing within 60 days of his arraignment and then asked him, "Do you waive and give up that right so that the

2

court can set the case for December 11, 2012, as a zero of 10, which means your preliminary hearing will take place that date or within 10 court days of that date?" Navarro responded in the affirmative. By the language of the court, it is clear that the preliminary hearing would be held on December 11, 2012, or within 10 days of that date. Contrary to appellant's argument, the court did not say that the hearing on December 11 was merely intended for scheduling the actual preliminary hearing. Navarro was required to appear on December 11, 2012, and he failed to do so.

Appellant maintains that the December 11 preliminary hearing was a pre-preliminary hearing, citing the reporter's transcript of the October 31 hearing. At this hearing the prosecuting attorney made the following statement: "[T]he People made an offer yesterday to counsel, which is a *pre-preliminary hearing offer only*, of 13 years and after the prelim starts the offer is off the table." (Italics added.) Appellant's argument relies heavily on interpreting the term "pre-preliminary" as used by the prosecuting attorney as a reference to an additional hearing, but it is clear that the term was a reference to the period of time prior to the preliminary hearing.

Since December 11 was scheduled as a preliminary hearing, Navarro was lawfully required to be present pursuant to Penal Code section 1043.5. This section simply states: "(a) Except as otherwise provided in this section, the defendant in a preliminary hearing shall be personally present." The statute includes certain exceptions but they do not apply to this case.

The trial court was obligated to order the bond forfeited because Navarro's presence was lawfully required within the meaning of Penal Code section 1305, subdivision (a). This section provides in relevant part: "A Court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: . . . (4) *Any other occasion* prior to the pronouncement of judgment if the defendant's presence in court is lawfully required." (Italics added.)

Appellant also raises the issue that Navarro was never specifically ordered to appear at the December 11 hearing. In *People v. American Bankers Ins. Co.* (1990) 225

3

Cal.App.3d 1378, 1383, the court held that where a defendant's appearance is lawfully required and defendant has notice of the date of the hearing, bond forfeiture is appropriate if the defendant fails to appear in court. Navarro had notice of the December 11 hearing because he was present when the date was set. He was lawfully required to be present at the hearing on December 11, as has been explained above.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


FERNS, J.*

_____

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.